# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Pat Alley, Dave Brackhahn, Wayne Bryant, Greg Giehl, Cole Graham, Vernon Greenamyer, Bill Gottschalk, Sue Gottschalk, Stephen Keno, Tom Kramer, Jeffrey Maehr, Sharon Parker, Tracy Salazar, Dennis Spencer, David West, John and Jane Does, 1-600,

      Plaintiff(s),

v.

Archuleta County Board of County Commissioner Clifford Lucero; Commissioner Steve Wadley; Commissioner Michael Whiting; Previous Archuleta County Attorney Todd Starr,

      Defendants.

---

# NOTICE OF REMOVAL

---

Defendants, through counsel, Rose Walker Starr pursuant to 28 U.S.C.A. § 1446, hereby Removes the above action from the District Court for the County of Archuleta , based on the following grounds:

1.    The above action was filed in the Archuleta County District Court and is now pending in that Court as Case Number 2016CV04. Process, including a Summons and Complaint, was allegedly served on Defendants on or about May 10, 2016.

2.    The action is a civil action alleging a violation of the United States Constitution for which Plaintiff seeks redress and for which this Court has original jurisdiction under 28 U.S.C.A. § 1331. The Plaintiffs' pro se complaint, though unartfully drafted and difficult to decipher includes multiple references to the United States Constitution, specific references to the 10th Amendment to the United States Constitution, a specific allegation that the Defendants are in violation of 18 USC § 2381,

an allegation that "…all Colorado's national's rights are being denied"; and asserts that

the Defendants are violating their oaths and that:

> "People who are violating their oath of office, the U.S. Constitution, the Colorado Constitution and Colorado Statutes are certainly "warring" against the Constitution and the People themselves. In another time in history, such people were imprisoned, or hung, because it was rightly considered THAT serious to liberty, freedom and secu1ity of the united several States."

*Motion to Show Cause – Archuleta County – Ballot Initiatives* Page 18 of 22

    3.    In addition, some the relief sought by Plaintiff's includes putting one or more federal issues on the ballot. Exhibit A-1 to the Motion to Show Cause lists the Ballot Initiatives and includes the following federal issues:

    a.    Nullification of Patient Protection and Affordable Care Act of 2010,

    b.    Common Law Courts "…no fact tried by a jury shall be otherwise re-examined in any Court of the United States…",

    c.    Preservation of Gun Rights whereby it is declared that certain Federal acts, laws, orders, rules and regulations have no application in Archuleta County,

    d.    Preservation of Habeas Corpus and Civil Liberties and involves the National Defense Authorization Act

    3.    Defendant is entitled to remove the above action from the state District Court to the United States District Court pursuant to 28 U.S.C.A. § 1446(a).

4.      Copies of all process, pleadings and orders served on Defendant are attached and filed with this notice.

Dated:  May 26, 2016.


/s/ Todd M. Starr
Todd M. Starr, Atty.
No. 27641
Archuleta County Attorney
ROSE • WALKER • STARR
P.O. BOX 5917
462 Lewis Street
Pagosa Springs, Colorado 81147
Phone Number: 970-317-2570
Fax Number: omitted
tstarr@rosewalker.com

| | |
|---|---|
| **District Court Archuleta County, Colorado**<br>Court Address:<br><br>**Archuleta County Courthouse**<br>449 San Juan St.<br>PO Box 148<br>Pagosa Springs, CO 81147 | ⬩ ⬩⬩ ⬩⬩⬩ –⬩ ⬩ ⬩ ⬩: ⬩2<br>DATE FILED: May 4, 2016<br>CASE NUMBER: 2016CV4 |
| ─────────────────────────── | ▲   **COURT USE ONLY**   ▲ |
| Plaintiff(s):<br><br>- Pat Alley;<br>- Dave Brackhahn;<br>- Wayne Bryant;<br>- Greg Giehl;<br>- Cole Graham;<br>- Dean Greenamyer;<br>- Bill Gottschalk;<br>- Sue Gottschalk;<br>- Stephen Keno;<br>- Tom Kramer;<br>- Jeffrey Maehr;<br>- Sharon Parker;<br>- Tracy Salazar;<br>- Dennis Spencer-;<br>- Dave West;<br>- John and Jane Does, 1-600, representing<br>  signatories on ballot initiatives;<br><br>v.<br><br>Defendant(s):<br><br>- Archuleta County;<br>- Archuleta County Board<br>  of County Commissioners;<br>- Commissioner Clifford Lucero;<br>- Commissioner Steve Wadley;<br>- Commissioner Michael Whiting;<br>- Todd Starr; (Previous County Attorney)<br>- John and Jane Does, 1-10 | |
| Attorney or Party Without Attorney (Name and Address):<br><br>**See attached**<br>Phone Number:      E-mail:<br>FAX Number:        Atty. Reg. #: | Case Number:  _16CV4_<br><br><br>Division       Courtroom |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☐ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☑ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

   *NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*
   ☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

   ☐ C.R.C.P. 16.1 applies to this case.

   ☐ C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: _5-3-16_

_____
Signature of Parties below

**BoCC/Starr Suit- Cover**

Pat Alley
P.O. Box 5352
Pagosa Springs, CO 81147
970-946-3666

*OUT of State*
*for several*
*weeks.*
*Sig. Available later*

Dave Brackhahn
3000 Hwy 84, Unit "C"
Pagosa Springs, CO 81147
970-749-4156

_Wayne Bryant_
_P.O. Box 3362_
_Pagosa Springs 81147_
_970-731-1367_

Cole Graham
125 Ghost Elk Court
Pagosa Springs, CO 81147
970-582-0038

_Greg Giehl_
_P.O. 5434_
_P.S. Co 81147_

Vernon D. Greenamyer
C/O 924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-946-9488

Bill Gottschalk
135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-4145

Sue Gottschalk
135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-8805

**BoCC/Starr Suit- Cover**

Stephen Keno
1020 Hurt dr.
Pagosa Springs, Colorado 81147
970-731-9729

Tom Kramer
10900 Highway 84
Pagosa Springs, Colorado 81147
970-403-6672

Jeffrey Maehr
924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-731-9724

Sharon Parker
325 Petitts Cr.
Pagosa Springs, Colorado 81147
970-731-0007

Tracy Salazar
299 Canyon Circle
Pagosa Springs, Colorado 81147
970-731-3323

Dennis Spencer
P.O. Box 2877
Pagosa Springs, Colorado 81147
970-264-0988

Dave West
55 Woodward Dr.,
Pagosa Springs, Colorado 81147
602-622-0494

District Court, Archuleta County, Colorado

| | |
|---|---|
| -Pat Alley; | ) |
| -Dave Brackhahn; | ) |
| -Wayne Bryant; | ) |
| -Greg Giehl; | ) |
| -Cole Graham; | ) |
| -Dean Greenamyer; | ) |
| -Bill Gottschalk; | ) |
| -Sue Gottschalk; | ) |
| -Stephen Keno; | ) |
| -Tom Kramer; | ) |
| -Jeffrey Maehr; | ) |
| -Sharon Parker; | ) |
| -Tracy Salazar; | ) |
| -Dennis Spencer; | ) |
| -Dave West; | ) |
| -John and Jane Does, 1-600, representing | ) |
| most signatories on ballot initiatives; | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Archuleta County Board of County | ) |
| Commissioners Clifford Lucero, | ) |
| Commissioner Steve Wadley, | ) |
| Commissioner Michael Whiting; | ) |
| Previous County Attorney Todd Starr; | ) |
| Defendants | ) |

DATE FILED: May 4, 2016
CASE NUMBER: 2016CV4

Filed in the Combined Courts of
Archuleta County, Colorado
5/4/16

▲ COURT USE ONLY ▲

Case No. _16CV4_

**Motion to Show Cause - Archuleta County - Ballot Initiatives**          Page 1 of 22

# MOTION TO SHOW CAUSE

Plaintiffs, pro se[1], come before this honorable Article III court of record as free men and women living on the land, and not as corporate persons, with this MOTION TO SHOW CAUSE, with stated claims upon which relief may be granted, (See Exhibit C) against Defendants named above to answer for failure to support or comply with lawful, Colorado constitutional and statutory laws supporting actions by the citizens of Archuleta County to bring ballot initiatives.  Defendants willfully, wantonly aided, abetted and colluded to deprive Plaintiffs' rights under the Colorado Constitution and Colorado Statutes reserving said rights.  Defendant's knew or should have known these rights and laws, and their fiduciary[2] duty to support said rights and laws, and have acted in their personal capacities[3] despite repeated NOTICES by Plaintiffs.

Plaintiffs bring this suit under the Colorado Constitutional rights of actions, and under District Court jurisdiction, with the following evidence of claim since damage has been conclusively done to Plaintiffs and all the People of Archuleta County, whether known or unknown by them, being now past the November, 2014 election cycle.

---

[1] "As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Id., at 520 521, quoting *Conley v. Gibson*, 355 U.S. 41,45 46 (1957)." *Estelle, Corrections Director, et al. v. Gample* 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251.

[2] Fiduciary Duty -Definition "A fiduciary duty is a legal duty to act solely in another party's interests. Parties owing this duty are called fiduciaries. The individuals to whom they owe a duty are called principals. Fiduciaries may not profit from their relationship with their principals unless they have the principals' express informed consent. They also have a duty to avoid any conflicts of interest between themselves and their principals or between their principals and the fiduciaries' other clients. A fiduciary duty is the strictest duty of care recognized by the US legal system." Cornell University Law School.

[3] "...an...officer who acts in violation of the Constitution ceases to represent the government." *Brookfield Co. v Stuart*, (1964) 234 F. Supp 94, 99 (U.S.D.C., Wash.D.C.) "...an officer may be held liable in damages to any person injured in consequence of a breach of any of the duties connected with his office...The liability for nonfeasance, misfeasance, and for malfeasance in office is in his 'individual', not his official capacity..." 70 AmJur2nd Sec. 50, VII Civil Liability.

# INTRODUCTION

On November 26, 2013, the Plaintiffs, and People of Archuleta County, chose to bring 11 ballot initiative petitions (See Exhibit A - all signatures on initiatives available via the County Recorder's office) to the Archuleta County Board of County Commissioners (hereafter BoCC) for their placement on the ballot for County citizens to vote on in the November 2014 election cycle.   Said initiative forms were approved by the County Clerk and recorder, June Madrid, (hereafter Madrid), on May 30th, 2013.  Having researched the laws and authority to do this, more than the required number of signatures were collected, and accepted within the allotted time frame and handed to Madrid on November 26th, 2013, and accepted by Madrid. (Video of this acceptance is available, and several Plaintiffs were witnesses).

Madrid, after confirming the official signature count, did not certify the initiatives and stated she did not know of a procedural rule as to whether Plaintiffs were within the lawful time frame for filing, but then County Attorney Todd Starr (hereafter, Starr) denied the initiatives.  In the meantime, Plaintiffs presented the BoCC and  Starr with the Colorado Constitution and Colorado Statutory laws authorizing said ballot initiative petitions on multiple occasions via BoCC meetings, and through emails.  (See email Exhibit series confirming this).

In addition, Plaintiffs, at various previous BoCC meetings, which were video recorded for Plaintiffs, requested the BoCC to place the ballot initiative petitions on the ballot which, by statutory law,[4] they could do, thus saving the County People time and expense of collecting signatures, and simply allow the People to freely decide whether they wanted to support the initiatives, or not.  The BoCC unanimously resisted doing so, so the initiative petitions and signatures were Plaintiffs' only recourse.

Having performed all that was lawfully necessary, the BoCC continued to resist following Colorado Constitutional laws and statutes, with counsel from Starr claiming that Plaintiffs had no authority to be petitioning Plaintiffs' government,

---

[4] CRS 30-11-103.5.  a board of county commissioners may refer to a vote of the electors pursuant to statute **or** the state constitution.

citing *Dellinger*,([5]), a single 2000 Appeals Court case which allegedly claims Plaintiffs have no authority to be petitioning the "County" government.

Due to Plaintiffs' ongoing BoCC attendance, the BoCC agreed to a "work session" where Plaintiffs were to have more than the allotted three minutes for dialog and could actually sit down and discuss in depth this whole issue, and receive comments from the BoCC, which is normally prevented by Starr at BoCC meetings, as witnessed by attending Plaintiffs in past meetings.

Plaintiffs' desire was to avoid action against the County and BoCC, et al. A "work session" was scheduled for on or about December 12th, 2013, but upon preparation and arriving for this meeting, Plaintiffs discovered that the BoCC reneged and held their customary BoCC meeting, allowing only the three minutes for discussion for each attendee (with apologies from Whiting who apparently was in favor of the work session). This showed bad faith by the BoCC, and left Plaintiffs' no other option but to prepare and file this complaint, as this issue affects EVERY County in Colorado that is NOT Home Ruled, and disenfranchises all Colorado citizens.

The following is evidence repeatedly presented to Starr and the BoCC at BoCC meetings, via documents and oral discussion, emails, etc.

Defendants, over the course of approximately 2+ years, willfully and repeatedly ignored their lawful duty, their Oath of Office to uphold the Colorado Constitution and Colorado Statutes, and ignored Plaintiffs' constitutional rights under law, even after NOTICE and repeated requests for dialog. Defendants suppressed those rights, and colluded, willfully and wantonly, to subvert said rights and the laws of Colorado in denying the ballot initiative process to the Plaintiffs, and all other signatories of the initiative petitions.

The Defendants could have easily complied, rather than take the adversarial route against Plaintiffs' rights, especially given the evidence  that they were, and are, in violation of law and Plaintiffs' rights.

---

[5] *Daniel Dellinger v. Board of County Commissioners for the County of Teller*, Colorado Court of Appeals, Division V. September 14, 2000.

The faulty premise being relied upon made by the Starr and the BoCC is that people residing in cities, towns and municipalities have the right to petition their "local" governments, but have no right to petition the County governments.  Just pausing to think about that premise for a brief moment should bring realization that the population of Archuleta County "outside" those select areas are being denied their right to petition THEIR ONLY "local" government ( See discussion below on this).

Does the State government or County government have a right to trump this right or prevent this right?  No, and no evidence exists to suggest this is the case, and ample evidence exists, shown herein, to prove the People's right to the initiative process at the County level does, in right, and in law, exist.

It also is being held that all local city, town and municipality residents are being told that they cannot petition their "County" governments, but ONLY their "local" city, town and municipality governments.   For local people to have the power of initiatives for their smaller, local government bodies, and yet the total People are deprived of any right of initiative over the larger countywide government body, is untenable.

This leaves a significant portion of the People, outside local areas, without a voice in the only government they have, the County Government, and also de facto disenfranchises local city, town and municipality area people from the same voice in County government.  Plaintiffs disagree with this presumption completely, requesting the court to take judicial notice of the following;

## STATEMENT OF THE FACTS

## What DO the Colorado Constitution and laws actually say?

Colo. Const. Art. II, Section 1, Vestment of political powers;

> "All political power is vested in and derived from the people; all government, of right, originates from the people, is founded upon their will only, and is instituted solely for the good of the whole." (Emphasis added throughout).

Any government that claims this is not true is not a government "of right" and is a defacto governing body usurping powers not granted to it, committing treason, and is behaving as a tyrannical, unlawful entity.

> Art. II, Section 2.  **That the people of this State have the sole and exclusive right** of governing themselves, as a free, sovereign and independent State; and **to alter** and abolish their constitution and **form of government** whenever they may deem it necessary to their safety and happiness, provided such change be not repugnant to the Constitution of the United States.

## ALL GOVERNMENTAL DEPARTMENTS MUST ANSWER TO THE PEOPLE.

> "It is well that all departments give pause, that they may not offend. All must answer to the people, in and from whom, as specifically set forth in this section, all political power is invested and derived." *Hudson v. Annear,* 101 Colo. 551, 75 P.2d 587 (1938).

> In *Medina v. People,* 154 Colo. 4, 387 P.2d 733 (1963), 379 U.S. 848, 85 S. Ct. 88, 13 L. Ed. 2d 52 (1964), the Colorado supreme court held that the bill of rights is **self-executing**; the rights therein recognized or established by the constitution do not depend upon legislative action in order to become operative.

This means ALL people have the right to petition their government and to make alterations in said government at will, which includes the County government.  No government level can be excluded from the People's right to petition or to create initiatives, and certainly not at the larger County legislative level.

CONSTITUTION OF THE STATE OF COLORADO
ARTICLE V LEGISLATIVE DEPARTMENT
Colo. Const. Art. V, Section 25 (2013)

## Section 25. SPECIAL LEGISLATION PROHIBITED

The general assembly shall not pass local or special laws in any of the
following enumerated cases... **regulating county or township affairs**...

Any laws established by the general assembly cannot **interfere** with County affairs,
but only enhance them. This means the People of the Counties of Colorado have
the right to a voice in County affairs which the State cannot interfere with through
any regulations, OR unconstitutional court rulings.

## TITLE 1. ELECTIONS
## INITIATIVE AND REFERENDUM
## ARTICLE 40. INITIATIVE AND REFERENDUM
## C.R.S. 1-40-101 (2013)

**1-40-101. Legislative declaration**

(1) The general assembly declares that it is not the intention of this article to
limit or abridge in any manner the powers reserved to the people in the
initiative and referendum, but rather to properly safeguard, protect, and
preserve inviolate for them these modern instrumentalities of democratic
government.

Are Plaintiffs to understand this intent is only limited to this Article, and is not
meant to also encompass all other Articles or Statutes with the same intent to not
"limit or abridge" the same "initiative and referendum" powers "reserved" to the
People? Starr and the BoCC are certainly and falsely claiming the People's right to
initiatives does not include petitioning the County government.

## TITLE 30. GOVERNMENT - COUNTY
## COUNTY POWERS AND FUNCTIONS
## ARTICLE II. COUNTY POWERS AND FUNCTIONS
## PART 1. GENERAL PROVISIONS

**C.R.S. 30-11-103.5. County petitions and referred measures**

**The procedures for** placing an **issue or question** on the ballot by a **petition
of the electors of a county** that is pursuant to statute or the state
constitution or that a board of county commissioners may refer to a vote of

the electors pursuant to statute **or** the state constitution shall, **to the extent no such procedures are prescribed by statute, charter, or the state constitution, follow as nearly as practicable the procedures for municipal initiatives and referred measures under part 1 of article 11 of title 31, C.R.S.** The county clerk and recorder shall resolve any questions about the applicability of the procedures in part 1 of article 11 of title 31, C.R.S."

30-11-103.5 directly addresses "County" initiatives and measures, and clearly has a statutory construction for Counties to follow regarding said petitions, for Counties that are NOT home ruled. This was never directly addressed in *Dellinger*, supra (cited by Starr-See email Exhibit dated May 31, 2013), and leaves a void on a constitutional/law question which cannot be ignored.

How is 30-11-103.5 negated by the BoCC or the *Dellinger*, supra, court's legal position? The *Dellinger* court (nor ANY court) cannot legislate, or eliminate, existing constitutional or statutory law. This statute regarding the County must have SOME County purpose and meaning for the People as intended by the General Assembly.

This clearly states that the "procedures" for "County" Petitions, can include "an issue," and "questions," (not just a Home Rule petition) and be placed by the "electors of a County," (or the BoCC may refer it to a vote, simplifying the whole process, and supporting the People's right to Petition-Footnote #4), AND, are based, "as nearly as practicable, when no such procedures are prescribed by statute," on Title 31-11-104 "procedures," as follows;

### C.R.S. 31-11-104

**(1) Any proposed ordinance may be submitted to the legislative body of any municipality[6]** by filing written notice of the proposed ordinance with

---

[6] **Municipality.** "A legally incorporated or duly authorized association of inhabitants of limited area for local governmental or other public purposes. **Political subdivision or public agency or instrumentality of a State.** Bankruptcy Act, § 1 0 1 (29)." Blacks Law Dictionary.

Counties fall into this "political subdivision" category as well and cannot be excluded from the

the clerk and, within one hundred eighty days after approval of the petition pursuant to section 31-11-106 (1), by filing a petition signed by at least five percent of the registered electors of the city or town on the date of such notice.

Initiatives were turned in on the 180th day (November 26th, 2013) to allow Plaintiffs to get as many signatures as possible.

It must be noted that even the *Dellinger*, supra, court admitted that a County IS a "political subdivision,"[7] of the State which fits squarely with Black's definition in footnote #6.  Such procedures in C.R.S. 31-11-104 were followed to the letter in bringing the petitions to the County Clerk.  C.R.S. 30-11-103.5 also clearly designates the County Clerk and Recorder as the one to determine issues related to 31-11-104, not Starr or the BoCC.

Authorities which further back up Plaintiffs' position of the power of the WHOLE People to petition and create initiatives follows.  (Please also refer to complete annotations under Colo. Const. Art. V, Section 1 (2013) on http://www.lexisnexis.com/hottopics/Colorado/ website for further supportive cases, (*Dellinger,* supra, notwithstanding), including, but not limited to, the following;

"All power has been reserved by people through initiative and referendum." In *re Legislative Reapportionment,* 150 Colo. 380, 374 P.2d 66 (1962).

"This section, **as well as the statutes which implement it**, must be liberally construed so as **not to unduly limit or curtail the exercise of the initiative** and referendum rights **constitutionally reserved to the people**." *Colo. Project-Common Cause v. Anderson,* 178 Colo. 1, 495 P.2d 220 (1972); *Billings v. Buchanan,* 192 Colo. 32, 555 P.2d 176 (1976).

---

People's reach for initiatives.  In Senate Bill 12 Colo. 188, 21 P. 481 (1988) it states: **"Municipal", as used in this section, is not confined to counties, townships and the like."**

[7] "A county is a political subdivision of the state, not an independent governmental entity existing by reason of any inherent sovereign authority of its residents.  *Board of County Commissioners v. Love,* 172 Colo. 121, 470 P.2d 861 (1970); see also *Pennobscot, Inc. v. Board of County Commissioners,* 642 P.2d 915 (Colo. 1982)."

"Initiative and referendum are fundamental rights of a republican form of government which the people have reserved unto themselves and must be liberally construed in favor of the right of the people to exercise them. Conversely, limitations on the power of referendum must be strictly construed." *Margolis v. District Court*, 638 P.2d 297 (Colo. 1981).

"The interpretative approach to the power of referendum gives **broad effect to the reservation in the people** and **refrains from implying or incorporating restrictions not specified in the constitution**, or a charter for a reservation to the people should not be narrowly construed." *City of Fort Collins v. Dooney*, 178 Colo. 25, 496 P.2d 316 (1972).

"The initiative and referendum provision is in all respects **self-executing**. It is not a mere framework, but **contains the necessary detailed provisions** for carrying into **immediate effect** the enjoyment of the rights therein established **without legislative action**." *Yenter v. Baker*, 126 Colo. 232, 248 P.2d 311 (1952).

"Legislative action" is NOT required to define or uphold a right already existing with the People. Rights are NOT legislated, only "secured" by legislation, but **ALL** rights do NOT need to be "secured" by legislation for them to exist and the People to have free exercise thereof.

"The initiative power **reserved** by the people is to be **liberally construed** to allow the greatest possible exercise of this valuable right." *City of Glendale v. Buchanan*, 195 Colo. 267, 578 P.2d 221 (1978); *Committee For Better Health Care v. Meyer*, 830 P.2d 884 (Colo. 1992).

It is clear that the Courts have upheld the People's right to petition, and have not limited this right, or if alleged to have done so, (*Dellinger*, supra), have done so unconstitutionally and in violation of the rights of the People. This natural right applies to ALL the People, and cannot be denied to large groups of the People of a County from ANY People-created government entity effecting them personally.

However, an obvious conflict has been created within the *Dellinger*, supra, court's ruling...

"The list of affected governmental units does not include counties, and this court has not __recognized__ any constitutional initiative powers __reserved__ to the people over countywide legislation.' Quoting Cf. *People ex rel. Cheyenne Erosion Dist. v. Parker, 118 Colo. 13, 18-19, 192 P.2d 417, 420 (1948)* (narrowly construing the scope of the initiative powers reserved by article V, section 1)."

**First**, the *Dellinger*, supra, court states that it "has not __recognized__ any constitutional initiative powers "__reserved__", (See "CONSTITUTION OF THE STATE OF COLORADO" below), to the people.  Because the *Dellinger*, supra court has not "recognized" (verbally acknowledged said right, or recognized said legislated "reservation" of this existing right), or the legislature has not legislated or "reserved" this (or every) right the People already have, does not diminish or negate those inherent rights belonging to the People.

The "Constitutional initiative powers" are already "reserved" in the Colorado Constitution as stated above...

"**All political power is vested in and derived from the people;** all government, of right, originates from the people, is **founded upon their will only**," as stated in *Colo. Project-Common Cause v. Anderson,* 178 Colo. 1, 495 P.2d 220 (1972).

**Second**, the right to initiative powers is to be 'liberally construed,' as *City of Glendale,* supra, counters, but with which *Dellinger,* supra, clearly conflicts.

In *McKee,* infra, the court stated:

"By the express provisions of the Colorado Constitution the people have reserved for themselves the right to legislate. . . . Like the right to vote, __the power of initiative is a fundamental right at the very core of our republican form of government__. . . . This court has always __liberally construed__ this fundamental right, and concomitantly, we have viewed with the closest scrutiny any governmental action that has the effect of curtailing its free exercise." *McKee v. City of Louisville,* 200 Colo. 525, 616 P.2d 972, 969 (1980).

The Defendant's position is in direct conflict with these rulings, as *Cheyenne Erosion Dist.*, supra, is, (cited in *Dellinger*) creating a constitutional question of inherent rights to the People being voided all across Colorado.

## CONSTITUTION OF THE STATE OF COLORADO
ARTICLE V, Sec. 1 General assembly - initiative and referendum.

(2) "The first power hereby **reserved** by the people is the initiative..."
(3) "The second power hereby **reserved** is the referendum..."

These statute sections state that the Legislature is merely "reserving" powers to the people, NOT "granting" such powers.  This means the legislature is not "creating" any initiative or referendum power and "granting" it as privilege to the People of the city, town and municipality, but it is "reserving," in statute form, rights which already belonged to the people apart from statutes...

"...it is not a grant to the people but a reservation by them for themselves."
*McKee*, supra.

Plaintiffs hold that it is unconstitutional if the law is being construed to exclude County electors' right to petition their "County" government regarding the legislative authority it possesses, and which affects the County People directly.  The "right" already existed for city, town and municipality outside statutes, so this "right" also, by extension and simple reason, includes the County electors.  If not, the position the State of Colorado legislature and the courts are taking, is clearly in conflict with the  sited authorities herein.

In *Dellinger,* supra, the Court continued...

" The primary issue on appeal is whether the right of initiative set forth in Colo. Const. art. V, § 1, is applicable to, and exercisable by, the electors of un-incorporated,[8] non-home-rule counties in Colorado. We agree with the trial court that it is not and, therefore, affirm."

---

[8] It must be noted that Archuleta County is an "incorporated" County, and therefore does not fall within the "un-incorporated" ruling of the *Dellinger*, supra, Court on this issue.

This is a clear contradiction to above statutes, court cases, and constitutional law. Further discussion on the *Dellinger*, supra, Court's ruling is elsewhere herein, but there is conflict created by Section 9 of Art. V...

> (9) The initiative and referendum powers **reserved** to the people by this section are hereby further reserved to the registered electors of every city, town, and municipality **as to all local, special, and municipal legislation of every character in or for their respective municipalities.**"

To reiterate, the "reservation" of the power of initiatives applies to "city, town, and municipality" as stated in this statute, but it is being presumed to preclude even these electors, although having the "reservation of power of initiatives" in their "local" (city, town or municipality) affairs, from having a voice in "County" government, leaving all County governments (not under Home Rule) outside the reach of electors across the counties, and throughout the State of Colorado, from the right of initiative at the County government level.  (Also See Exhibit B case cites).

*Dellinger,* supra, goes on to state...

> "where the language of the Constitution is plain and its meaning clear, the language must be enforced as written."

This clear language of the Constitution and case cites were ignored by the *Dellinger,* supra, court, and ANY language of a statute is valid ONLY when such language does NOT violate rights already reserved to the people apart from statutes, or already in statutes.  At the time of the original enactment of Art. V, as already referenced, Counties did not have legislative authority or power, and therefore initiative powers were not stated as "reserved" in the Article to a County, (because there was no cause to do so) but the original intent as written for "towns, cities and municipalities" clearly showed that the power of initiative was "reserved" to the People in ALL these areas (there were no other relevant legislative areas) regarding legislative activities, in which the People had fundamental right to directly confront.

The U.S. Constitution is between the States and the U.S. government, and limits "Federal Government Power" over the People, as the Colorado Constitution limits State's power over the People.  Neither "limit" the People's natural, God-given rights... the same rights as if to a king... (Please see Conclusion).

All rights are already held by the People apart from the U.S. Constitution and Colorado State Constitution, upheld by the 10th Amendment's[9] limit of power of government. All rights not specific to the U.S. Government (ONLY 18 enumerated powers under Article 1, section 8) are "reserved" (not granted) to the States, or the People. Whatever "rights" the State does reserve, or NOT reserve, to itself, or to the People, under the 10th Amendment, **already belong to the People**. The State legislature, or courts, cannot reduce already possessed, fundamental rights of the whole People, as is being suggested where the County electors cannot create initiatives for their County government, for change where desired.

All powers belonging to the People do NOT have to be legislated into statute form by the State to exist, and certainly ARE not, and, thus, can be exercised by the People at will without permission from the People's servant government.

To answer the challenge by the BoCC as to whether the People have to go to the legislature FIRST (BoCC in this case - see Email exhibits - "approval"), is answered here:

    a. "The initiative provisions are expressly declared to be **self-executing**, and, as such, **only legislation which will further the purpose** of the constitutional provision or facilitate its operation, is permitted." *Colo. Project-Common Cause,* supra.

    b. "The phrase 'that it shall be in all respects self-executing' merely means that the power of initiative and referendum rests with the people **whether or not the general assembly implements the power**. It does not prevent the general assembly from enacting legislation which will **strengthen** that power." In re Interrogatories Propounded by Senate Concerning House Bill 1078, 189 Colo. 1, 536 P.2d 308 (1975).

It is contended herein that the Constitution and Colorado statutes and case cites support the right of the People to petition and create initiatives of ANY governing body that the People create, and who reside within its jurisdiction. There is no evidence in fact in the record that the BoCC must first be presented the initiative petitions (form and clear wording being approved by Madrid) for approval "prior to" gathering signatures, and the Defendants cannot attempt to reject said petitions prior to adoption, when even the court cannot do so;

---

    [9] 10th **Amendment**: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are **reserved** to the States respectively, **or to the people**."

In *McKee,* supra, at 973, the court recognized that only after a measure is adopted can any actions be taken...

> **"when actual litigants whose <u>rights</u> are affected are before it, may the court determine the validity of the legislation."**

There are NO constitutional rights of the People at risk through the initiative "process" and therefore they cannot be denied under color of law.

The *McKee,* supra, court also held at 439:

> "...Nor may the courts interfere with the exercise of this right [to initiate legislation] by declaring unconstitutional or invalid a proposed measure before the process has run its course and the measure is actually adopted."

Certainly, if the Courts cannot interfere, Defendants cannot "interfere with the exercise of this right," and to presume to do so suggests a willful desire to unlawfully subvert the right and will of the People of Archuleta County, the State Constitution, as well as Colorado Statutes.

Plaintiffs' tried to show extreme good faith, over a large segment of time, to provide the County with ample opportunity to respond to the laws presented, even up to November 2015.  It is not Plaintiffs' desire to have to bring Defendants to Court, or create potential expenses([10]) for the people of our County, but Plaintiffs' and all Colorado national's rights are being denied.  This is a fundamental State constitutional question of rights of the People to govern themselves that is at issue, and this affects every County in Colorado.

Over 600 signatures (the most on one of the 11 initiatives) were collected representing at least 600 People of Archuleta County, Colorado (with a 12,000 population) who chose to be involved at some level in their freedoms and rights in the time allotted, but have been deprived and denied this fundamental right.  Much more written evidence and other testimony could be supplied regarding Defendants' actions, if necessary, but are withheld for judicial economy at this time.

Plaintiffs also wish to notice this Court and Defendants that one Plaintiff repeatedly attempted to contact the District Attorney, Todd Risberg, with all this

---

[10] Plaintiff contend that any and all expenses incurred by this complaint are to be borne by Defendant's bonds and/or alleged insurance for public service, or their personal assets, NOT County resident's taxes.

evidence, requesting a Grand Jury investigation into the issues, but was ignored. (Documents, sent certified mail, are available, but to conserve judicial economy, is too large for adding in this complaint, but an ethics complaint was filed for CORA violations).

# Conclusion:

Plaintiffs believe a clear case can be made that it has never been the intent of the Colorado Legislature, or the Courts, to deprive the People of their right to petition their county governments, regardless of their location within a County. If the right to Petition is allegedly limited to within smaller local (town, city, or municipal([11])) governments, then this also means ALL people of the Counties, including all those within local areas, are being deprived of the right to petition their **much larger** County legislature/governments. This makes no lawful or constitutional sense.

If the Colorado legislature's intent WAS to limit such petition right, it is clearly unconstitutional and must be declared to be so, *Dellinger*, supra, notwithstanding;

> When an act of the legislature is repugnant or contrary to the constitution, it is, ipso facto, void. *2 Pet. R. 522; 12 Wheat. 270; 3 Dall. 286; 4 Dall. 18.*

> "Insofar as a statute runs counter to the fundamental law of the land, it is superseded thereby." *16 Am Jur 2d 177, Late Am Jur 2d. 256.*

> "The courts have the power, and it is their duty, when an act is unconstitutional, to declare it to be so; *9 Pet. 85. Vide 6 Cranch, 128; 1 Binn. 419; 5; Binn. 355; 2 Penns 184; 3 S. & R. 169; 7 Pick. 466; 13 Pick. 60; 2 Yeates, 493; 1 Virg. Cas. 20; 1 Blackf. 206 6 Rand. 245 1 Murph. 58; Harper, 385 1 Breese, 209 Pr. Dec. 64, 89; 1 Rep.*

If the BoCC has any authority to be legislating ANY laws for all of Archuleta County, then this presumes the right of the People, who are the creators of said government, and who are the lawful "sovereigns" which government and its employees exist to serve, have the right to petition said County government, and create initiatives, and to have a lawful and Constitutional voice in said governments, as those sovereigns:

---

[11] It was clearly shown that a County IS a "municipal" entity so it cannot be excluded from the statutory explanations.

"The People of a State are entitled to all rights which formerly belonged to the King by his prerogative." *Lansing v. Smith, 4 Wendell 9, 20 (1829).* (*Lansing v. Smith,* 21 D. 89., 4 Wendel 9 (1829) ( New York ).

"...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves; the citizens of America are equal as fellow citizens, and as joint tenants in the sovereignty." *Chisholm V. Georgia* (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp 471-472.

"The people or sovereign are not bound by general word in statutes, restrictive of prerogative right, title or interest, unless expressly named. Acts of limitation do not bind the King or the people. The people have been ceded all the rights of the King, the former sovereign,......It is a maxim of the common law, that when an act is made for the common good and to prevent injury, the King shall be bound, though not named, but when a statute is general and prerogative right would be divested or taken from the King (or the people) he shall not be bound." *People v Herkimer,* 4 Cowen (NY) 345, 348 (1825).

"It will be admitted on all hands that with the exception of the powers granted to the states and the federal government, through the Constitutions, the people of the several states are unconditionally sovereign within their respective states." *Ohio L. Ins. & T. Co. v. Debolt,* 16 How. 416, 14 L.Ed. 997.

"Sovereignty itself is, of course, not subject to law, for it is the author and source of law; ... while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts." *Yick Wo v Hopkins,* 118 US 356, at pg. 370;

The People are sovereigns and NOT "subjects" of government, Federal, State or Local. By what authority can the County governments act to implement laws and rules that will affect the whole People in the County, if the People, who created said governments, have no right to alter these governments at the County legislative level?

Some may feel that the use of the word "treason" is too harsh, or is mere "rhetoric" and an empty word, but constitutional rights are at risk across these 50 united States in a myriad of ways, and People across the land are rising up to restrain out-

of-control governments at every level. People who are violating their oath of office, the U.S. Constitution, the Colorado Constitution and Colorado Statutes are certainly "warring"([12]) against the Constitution and the People themselves. In another time in history, such people were imprisoned, or hung, because it was rightly considered THAT serious to liberty, freedom and security of the united several States.

Denial of basic rights, denial of common courtesy in responding to legal documents and challenges suggests a government that has lost touch with the People and is bent on denying constitutional rights, serving government (itself) MORE than the People who created that government, and needs to be disciplined and restrained immediately.

### Request for Remedy

The following remedy is provided as part of this complaint for the record;

- All initiatives (with the possibility of some agreed upon textual changes or modifications) will be placed on a special ballot to be presented to the People of Archuleta County in a timely manner.

- An explanation brochure to be printed providing the People of Archuleta County information on each of the ballot initiatives, at least one month prior to ballot printing and mailing, of what the initiatives mean for the County and People, and a public forum for questions and answers regarding these initiatives, and a written rebuttal, with counter response to said rebuttal, all being printed in the local paper for all to read each week at least 1 month prior to voting.

- Compensatory damages for all costs related to the filing of this complaint including, but not limited to, filing fees, printing costs, research and document preparation hours,([13]) AND all legal defense costs for Defendants born by Archuleta

---

[12] "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." U.S. Supreme Court *Cooper v. Aaron*, (1958). What is the penalty for this "warring?"

18 USC § 2381 - Treason; "Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

[13] Plaintiffs' have spent considerable hours (app. 550 over 1.5 years) in collective legal and Constitutional research and collaboration in the preparation of this suit, and our time is no less valuable than an attorney doing the same work, so compensation for said hours should be awarded, NOT from the People's taxes,

County Taxpayers to be reimbursed to the County, from Defendant's bonds or insurance or personal assets and NOT the People of Archuleta County's taxes.

· Punitive damages for time and efforts to obtain lawful actions of Defendants, charged against all Defendant's lawful bonds or insurance, or personal assets, to be used for a Constitutional rights and law education fund for Archuleta County people, and possible office/location for said ongoing classes, per Plaintiffs, and other local individuals (over 600) or other local constitutional and rights groups, who wish to participate.  Judicial notice of *Pacific Mutual Life Insurance Co. v. Haslip, et Al.*, for damage award precedent.

· Publication of the facts of this Court's finding FOR the Plaintiffs to all Colorado County governments for the benefit of all the People of Colorado.

· Mandatory constitutional and law classes for Defendants, to be required by all future elected or appointed public servants and hired employees in Archuleta County government.

· Creation of an Archuleta County Internal Affairs office[14] as an independent citizen (non-government person, and not anyone who has EVER held office in Archuleta County) advisory and review board for all County Government actions, accounts and other activities, and for complaints to be presented to and considered.

· Any other punitive, financial and lawful remedy this Court feels is right and just to finally correct such egregious behavior here, and in all other Colorado Counties.

Respectfully submitted,

The undersigned;

---

but from said Bonds/insurance claimed by Defendants, or from personal assets.

[14] Presently, Archuleta County has NO Independent Internal Affairs office through which Citizens may file a complaint or monitor local government's activities openly.

Pat Alley
P.O. Box 5352
Pagosa Springs, CO 81147
970-946-3666

*Out of state for several weeks*

Dave Brackhahn
3000 Hwy 84, Unit "C"
Pagosa Springs, CO 81147
970-749-4156

Wayne Bryant
P.O. Box 3362
Pagosa Springs 81147
970-731-1367

Cole Graham
125 Ghost Elk Court
Pagosa Springs, Colorado 81147
970-582-0038

Greg Giehl
P.O. 5434
P.S. Co 81147

Vernon D. Greenamyer
C/O 924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-946-9488

Bill Gottschalk
135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-4145

Sue Gottschalk
135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-8805

Stephen Keno
1020 Hurt dr.
Pagosa Springs, Colorado 81147
970-731-9729

Tom Kramer
10900 Highway 84
Pagosa Springs, Colorado 81147
970-403-6672

Jeffrey Maehr
924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-731-9724

Sharon Parker
325 Petitts Cr.
Pagosa Springs, Colorado 81147
970-731-0007

Tracy Salazar
299 Canyon Circle
Pagosa Springs, Colorado 81147
970-731-3323

Dennis Spencer
P.O. Box 2877
Pagosa Springs, Colorado 81147
970-264-0988

Dave West
55 Woodward Dr.,
Pagosa Springs, Colorado 81147
602-622-0494

*Exhibit B1*

COUNTY AND BOARD OF COUNTY COMMISSIONERS HAVE ONLY SUCH POWERS AND AUTHORITY AS ARE GRANTED BY GENERAL ASSEMBLY, and they must carry out the will of the state as expressed by the general assembly.  Colo. State Bd. of Soc. Servs. v. Billings, 175 Colo. 380, 487 P.2d 1110 (1971).

DATE FILED: May 4, 2016
CASE NUMBER: 2016CV4

ALL POWER HAS BEEN RESERVED BY PEOPLE THROUGH INITIATIVE AND REFERENDUM.  In re Legislative Reapportionment, 150 Colo. 380, 374 P.2d 66 (1962).

Initiative and referendum are fundamental rights of a republican form of government which the people have reserved unto themselves and must be liberally construed in favor of the right of the people to exercise them. Conversely, limitations on the power of referendum must be strictly construed. Margolis v. District Court, 638 P.2d 297 (Colo. 1981).

This section, as well as the statutes which implement it, must be liberally construed so as not to unduly limit or curtail the exercise of the initiative and referendum rights constitutionally reserved to the people. Colo. Project-Common Cause v. Anderson, 178 Colo. 1, 495 P.2d 220 (1972); Billings v. Buchanan, 192 Colo. 32, 555 P.2d 176 (1976).

Initiated provisions shall be liberally construed in order to effectuate their purpose, to facilitate and not to hamper the exercise by the electors of rights granted thereby. Yenter v. Baker, 126 Colo. 232, 248 P.2d 311 (1952).

The terms of this article, being a reservation to the people, are not to be narrowly construed. Burks v. City of Lafayette, 142 Colo. 61, 349 P.2d 692 (1960).

The interpretative approach to the power of referendum gives broad effect to the reservation in the people and refrains from implying or incorporating restrictions not specified in the constitution or a charter, for a reservation to the people should not be narrowly construed. City of Fort Collins v. Dooney, 178 Colo. 25, 496 P.2d 316 (1972).

The initiative and referendum provision is in all respects self-executing. It is not a mere framework, but contains the necessary detailed provisions for carrying into immediate effect the enjoyment of the rights therein established without legislative action. Yenter v. Baker, 126 Colo. 232, 248 P.2d 311 (1952).

All legislation must be subordinate to this section, and only such legislation is permissible as is in furtherance of the purpose, or as will facilitate the enforcement of such provision, and legislation which will impair, limit or destroy rights granted by the provision is not permissible. Yenter v. Baker, 126 Colo. 232, 248 P.2d 311 (1952). AS GENERAL ASSEMBLY MAY NOT REDUCE AUTHORITY OF VOTERS TO EXERCISE REFERENDUM below that which is set forth in this section. Burks v. City of Lafayette, 142 Colo. 61, 349 P.2d 692 (1960).

POWER OF INITIATIVE LIBERALLY CONSTRUED. The initiative power reserved by the people is to be liberally construed to allow the greatest possible exercise of this valuable right. City of Glendale v. Buchanan, 195 Colo. 267, 578 P.2d 221 (1978); Committee For Better Health Care v. Meyer, 830 P.2d 884 (Colo. 1992).



*Rahrer, 43 F. 556, 558, 10 L.R.A.444;* "A legislative act in conflict with the Constitution is not only illegal or voidable, but absolutely void. It is as if never enacted, and no subsequent change of the Constitution removing the restriction could validate it or breathe into it the breath of life."

*Miranda vs. Arizona, 384 U.S. 436, 491;* "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."

*Amos vs. Mosley, 74 Fla. 555; 77 So. 619.* "If the legislature clearly misinterprets a constitutional provision, the frequent repetition of the wrong will not create a right."

*Chisholm vs. State of Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp. 471-472.* "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves; the citizens of America are equal as fellow citizens, and as joint tenants in the sovereignty."

*City of Bisbee vs. Cochise County, 78 P.2d 982, 986, 52 Ariz. 1;* "Government is not sovereignty. Government is the machinery or expedient for expressing the will of the sovereign power."

*Filbin Corporation vs. United States, D.C.S.C., 266 F. 911, 914.* "The "sovereignty" of the United States consists of the powers existing in the people as a whole and the persons to whom they have delegated it, and not as a separate personal entity, and as such it does not possess the personal privileges of the sovereign of England... the government, being restrained by a written Constitution..."

*Hale vs. Henkel, 201 U.S. 43, 279.* "The individual may stand upon his constitutional rights as a citizen... His rights are such as existed by the law of the land long antecedent to the organization of the state, and can only be taken from him by due process of law, and in accordance with the Constitution."

*Kingsley vs. Merril, 122 Wis. 185; 99 NW 1044.* "A long and uniform sanction by law revisers and lawmakers, of a legislative assertion and exercise of power, is... entitled to no weight if the statute in question is in conflict with the plain meaning of the constitutional provision."

*Marbury vs. Madison, 5 US (@ Cranch) 137, 174, 176, (1803);* "All laws which are repugnant to the Constitution are null and void."

*Miranda vs. Arizona, 384 US 436 p. 491;* "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."

*B3*

*Robin vs. Hardaway, 1 Jefferson 109, (Va., 1772):* "All acts of the legislature apparently contrary to natural rights and justice are, in our law and must be in the nature of things, considered void ... We are in conscience bound to disobey."

*Scott vs. Sandford, Mo., 60 US 393, 404, 19 How. 393, 404, 15 L.Ed. 691:* "The words "sovereign people" are those who form the sovereign, and who hold the power and conduct the government through their representatives. Every citizen is one of these people and a constituent member of this sovereignty."

*Slote vs. Board of Examiners, 274 N.Y. 367; 9 NE 2d 12; 112 ALR 660:* "Disobedience or evasion of a constitutional mandate may not be tolerated, even though such disobedience may, at least temporarily, promote in some respects the best interests of the public."

*State vs. Sutton, 63 Minn. 147, 65 NW 262, 30 L.R.A. 630 Am. St. 459:* "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it."

*Yick Wo vs. Hopkins, Sheriff, 118 U.S. 356:* "Sovereignty itself is, of course, not subject to the law, for it is the author and source of law, but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts... For, the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself."

# EXHIBIT C

## ALLEGED FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

DATE FILED: May 4, 2016
CASE NUMBER: 2016CV4

"The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; *Seymour v. Union News Company*, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *U.S. v. White County Bridge Commission* (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.

"A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice. *Burt v. City of New York*, 2Cir., (1946) 156 F.2d 791.

Accordingly, the complaint will not be dismissed for insufficiency. Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends. " *Stein v. Brotherhood of Painters, Decorators, and Paper Hangers of America, Dccdj* (1950), 11 F.R.D. 153.

"A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts..." *John Edward Crockard v. Publishers, Saturday Evening Post Magazine of Philadelphia, Pa* (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958)

"FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." *Dioguardi v. Durning*, 2 CIR., (1944) 139 F2d 774.

"Counterclaims will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts..." *Lynn vs Valentine v. Levy*, 23 Fr 46, 19 FDR, DSCDNY (1956)

**Exhibit C - Alleged Failure To State a Claim**                                                                1

☐County Court   ☒District Court
_____ County, Colorado

Court Address: 449 San Juan St/po box 148
Pagosa Springs, Colo 81147

Plaintiff/Petitioner(s):

v.

Defendant/Respondent(s): Commissioner Clifford Lucero
and et. al

Attorney or Party Without Attorney (Name and Address):

Phone Number:        E-mail:
FAX Number:          Atty. Reg. #:

DATE FILED: May 12, 2016
CASE NUMBER: 2016CV4

▲   COURT USE ONLY   ▲

Case Number: 16CV4

Division        Courtroom

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING
DOCUMENTS, Summons Motion to Show Cause _____ on the Defendant/Respondent
in Archuleta/Colorado (name of County/State) on 5-10-16 (date) at 0950 (time)
at the following location: 449 San Juan Street Pagosa Springs, Co 81147 .

☐By handing the documents to a person identified to me as the Defendant/Respondent: _____
(print name of person served).

☐By identifying the documents, offering to deliver them to a person identified to me as the
Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐By leaving the documents at the Defendant/Respondent's usual place of abode with
_____ (Name of Person) who is a member of the Defendant/Respondent's family and
whose age is 18 years or older. (Identify family relationship)_____.)

☐By leaving the documents at the Defendant/Respondent's usual workplace with
_____ (Name of Person) who is the Defendant/Respondent's secretary,
administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☒By leaving the documents with June Madrid _____ (Name of Person), who as
County Clerk _____ (title) is authorized by appointment or by law to receive service of process for the
Defendant/Respondent.

☐By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e):
_____

☐For Eviction Cases Only.
I have made diligent efforts such as _____ (list
personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s)
and I have made service of the within summons and complaint by posting a copy of them in a conspicuous
place upon the premises described therein.

I have charged the following fees for my services in this matter:

☐Private process server

☒Sheriff. Archuleta _____ County
Fee $ 10.00    Mileage $. 0

JDF 98   R3/15   AFFIDAVIT OF SERVICE
© 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

## VERIFICATION AND ACKNOWLEDGMENT

I **Bill Beno** (name) swear/affirm under oath, and under penalty of perjury, that I have read the foregoing *AFFIDAVIT OF SERVICE* and that the statements set forth therein are true and correct to the best of my knowledge.

_William Beno_
Signature

Subscribed and affirmed, or sworn to before me in the County of _____, State of _____, this _____ day of _____, 20 _____. My Commission Expires: _____

_____
Notary Public

JDF 98    R3/15    AFFIDAVIT OF SERVICE
© 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

☐ County Court   ☒ District Court
_____ County, Colorado
Court Address: 449 San Juan St/19120 x 196
_P9084 Springs, Colo 81147_

DATE FILED: May 12, 2016
CASE NUMBER: 2016CV4

Plaintiff/Petitioner(s):

v.

Defendant/Respondent(s): Todd Starr & et al

▲ **COURT USE ONLY** ▲

Attorney or Party Without Attorney (Name and Address):

Phone Number:          E-mail:
FAX Number:            Atty. Reg. #:

Case Number: 16CV4

Division          Courtroom

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Summons Motion to Show Cause on the Defendant/Respondent in Archuleta County (name of County/State) on May 10, 2016 (date) at 0950 (time) at the following location: 449 San Juan St _____.

☐ By handing the documents to a person identified to me as the Defendant/Respondent: _____ (print name of person served).

☐ By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐ By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____.)

☐ By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☒ By leaving the documents with Flora Gipheen ____ (Name of Person), who as ___ Admin. Assist. ____ (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐ By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): _____
_____

☐ **For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☐ Private process server

☒ Sheriff, Archuleta County
Fee $ 10⁰⁰   Mileage $ _____

JDF 98   R3/15   AFFIDAVIT OF SERVICE
© 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

## VERIFICATION AND ACKNOWLEDGMENT

I _____Bill Bono_____(name) swear/affirm under oath, and under penalty of perjury, that I have read the foregoing *AFFIDAVIT OF SERVICE* and that the statements set forth therein are true and correct to the best of my knowledge.

_____William Bono_____
Signature


Subscribed and affirmed, or sworn to before me in the County of _____, State of _____, this _____ day of _____, 20 _____. My Commission Expires: _____

_____
Notary Public

☐County Court  ☑District Court
_____ County, Colorado

Court Address: 449 Sq. Juan St/449 box 148
Pagosa Springs, Colo 81147

Plaintiff/Petitioner(s):

v.

Defendant/Respondent(s): Commissioner Steve Wadley + et.al

DATE FILED: May 12, 2016
CASE NUMBER: 2016CV4

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address):

Phone Number:        E-mail:
FAX Number:          Atty. Reg. #:

Case Number: 16CV4

Division        Courtroom

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS Summons Motion to Show Cause on the Defendant/Respondent in Archuleta/Colorado (name of County/State) on 5-10-16 (date) at 0950 (time) at the following location: 449 San Juan Street Pagosa Spgs CO 81147.

☐By handing the documents to a person identified to me as the Defendant/Respondent: _____ (print name of person served).

☐By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship_____.)

☐By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☑By leaving the documents with June Madrid (Name of Person), who as County Clerk (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e):
_____

☐**For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

I have charged the following fees for my services in this matter:

☐Private process server

☑Sheriff, Archuleta County
Fee $ 35.00   Mileage $ 5.00

JDF 98   R3/15   AFFIDAVIT OF SERVICE
© 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

# VERIFICATION AND ACKNOWLEDGMENT

I __Bill Bono__ (name) swear/affirm under oath, and under penalty of perjury, that I have read the foregoing *AFFIDAVIT OF SERVICE* and that the statements set forth therein are true and correct to the best of my knowledge.

_William Bent_____
Signature


Subscribed and affirmed, or sworn to before me in the County of _____, State of _____, this _____ day of _____, 20 _____. My Commission Expires: _____

_____
Notary Public

☐County Court  ☑District Court
_____ County, Colorado
Court Address: *449 San Juan ST/P.O. Box 148*
*PAGOSA SPRINGS, Colo 81147*
Plaintiff/Petitioner(s):

v.

Defendant/Respondent(s): *Commissioner Michael Whiting et al*

Attorney or Party Without Attorney (Name and Address):

Phone Number:          E-mail:
FAX Number:          Atty. Reg. #:

DATE FILED: May 12, 2016
CASE NUMBER: 2016CV4

▲  COURT USE ONLY  ▲

Case Number: *16 CV 4*

Division          Courtroom

## AFFIDAVIT OF SERVICE

I declare under oath that I am 18 years or older and not a party to the action and that I served THE FOLLOWING DOCUMENTS *Summons Motion to Show Cause* on the Defendant/Respondent in *Archuleta/Colorado* (name of County/State) on *5-10-16* (date) at *0950* (time) at the following location: *449 San Juan Street*

☐By handing the documents to a person identified to me as the Defendant/Respondent: _____
(print name of person served).

☐By identifying the documents, offering to deliver them to a person identified to me as the Defendant/Respondent who refused service, and then leaving the documents in a conspicuous place.

☐By leaving the documents at the Defendant/Respondent's usual place of abode with _____ (Name of Person) who is a member of the Defendant/Respondent's family and whose age is 18 years or older. (Identify family relationship)_____.)

☐By leaving the documents at the Defendant/Respondent's usual workplace with _____ (Name of Person) who is the Defendant/Respondent's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☑By leaving the documents with *June Madrid* (Name of Person), who as *County Clerk* (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent.

☐By serving the documents as follows (other service permitted by C.R.C.P 4(g) or C.R.C.P. 304(c)(d) and (e): _____

☐**For Eviction Cases Only.**
I have made diligent efforts such as _____ (list personal service attempts) but have been unable to make personal service on the Defendant/Respondent(s) and I have made service of the within summons and complaint by posting a copy of them in a conspicuous place upon the premises described therein.

**I have charged the following fees for my services in this matter:**

☐Private process server

☑Sheriff, *Archuleta* County
Fee $ *10.00*  Mileage $ _____

JDF 98   R3/15   AFFIDAVIT OF SERVICE
© 2013, 2014, 2015 Colorado Judicial Department for use in the Courts of Colorado

## VERIFICATION AND ACKNOWLEDGMENT

I _____ Bill Beno _____ (name) swear/affirm under oath, and under penalty of perjury, that I have read the foregoing *AFFIDAVIT OF SERVICE* and that the statements set forth therein are true and correct to the best of my knowledge.

_William Abeno_____
Signature

Subscribed and affirmed, or sworn to before me in the County of _____, State of _____, this _____ day of _____, 20 _____. My Commission Expires: _____

_____
Notary Public