UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
901 19th St., Rm A-105
Denver, Colo 80294

| | |
|---|---|
| -Pat Alley; | ) |
| -Dave Brackhahn; | ) |
| -Wayne Bryant; | ) **FILED** UNITED STATES DISTRICT COURT DENVER, COLORADO |
| -Greg Giehl; | ) |
| -Cole Graham; | ) |
| -Dean Greenamyer; | ) **JUN 17 2016** |
| -Bill Gottschalk; | ) JEFFREY P. COLWELL |
| -Sue Gottschalk; | ) CLERK |
| -Stephen Keno; | ) |
| -Tom Kramer; | ) ▲ COURT USE ONLY ▲ |
| -Jeffrey Maehr; | ) |
| -Sharon Parker; | ) Case No. 1:16-CV-01284 |
| -Tracy Salazar; | ) |
| -Dennis Spencer; | ) |
| -Dave West; | ) |
| -John and Jane Does, 1-600, representing | ) |
| most signatories on ballot initiatives; | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| Archuleta County Board of County | ) |
| Commissioners Clifford Lucero, | ) |
| Commissioner Steve Wadley, | ) |
| Commissioner Michael Whiting; | ) |
| County Attorney Todd Starr; | ) |
| | ) |
| Defendants | ) |

MOTION TO DENY REMOVAL - Archuleta County Ballot Initiatives suit    Page 1 of 7

# MOTION TO DENY REMOVAL
# FOR LACK OF JURISDICTION

Plaintiffs come before this Court with their Response to the Notice of Removal of the above numbered case, with Judicial Notice of lack of Jurisdiction of this court in this case at this point, and conflict of interest issues([1]) with Counsel. (See #5 below) Defendants apparently do NOT want this case tried locally, where it lawfully belongs, due to the number of damaged people (Defendants, and at least John and Jane Does 1-600) Plaintiffs are party with in this class action.

## ARGUMENT IN SUPPORT

1. Defendants are frivolously claiming this suit to be a Federal Court issue under "original jurisdiction" but have jumped the gun in "inartfully" bringing this into a Federal Court under 28 U.S.C. § 1446 (a), 18 U.S. Code § 2381 - Treason, and 28 U.S. Code § 1331 - Federal question.

For example, 18 U.S. Code § 2381 states...

"Whoever, owing allegiance to the United States, levies war against **them**..."

The use of the word "them" is a clear reference to the 50 united States, which Colorado certainly is one of, and NOT the Federal government or Federal Constitution which treason can be named in regard to.

The issues filed in the court are clearly "State" questions and are not based on the U.S. Constitution OR the 10th Amendment to the U.S. Constitution or mere cites to same. Those code cites only support Plaintiff's State constitutional rights, and primarily, the People's rights that ARE the focus of the suit as supported by standing State statutes and the Colorado Constitution.

Supporting State rights by U.S. Constitution and Code quotes merely provides standing for our rights and a higher level for future appeal, and is not to be

---

[1] Rule 1.7: Conflict of Interest:

**MOTION TO DENY REMOVAL - Archuleta County Ballot Initiatives suit**   Page 2 of 7

construed as making this a "Federal" question. If Plaintiffs wanted to attempt a similar "bypass" of State jurisdiction, it would have been plainly made, but was obviously not the proper procedure and would surely have been met with a remand back to the 6th Judicial District Court due to improper process. (Also see Jurisdiction Exhibit attached).

2. Defendants have NOT exhausted all remedies at the State jurisdiction level[2] available to them in the local District Court on the actual complaint and evidence presented involving ballot initiatives and voting rights of Archuleta County voters. They are trying to bypass this process to delay this suit, to keep this suit from the local people's knowledge, and to waste judicial economy for their benefit.

3. Starr prematurely claims the right to bring the alleged "Federal" subject matter of several of the Ballot initiatives into question prior to any lawful authority or precedent to do so. The below case precedent was clearly stated in the original Brief filed in the local District Court which apparently went unread by Starr, or Starr couldn't "decipher" plain English as written.

In *McKee v. City of Louisville,* 200 Colo. 525, 616 P.2d 972, 969 (1980), at 973, the court recognized that only **after** a measure is adopted can any court actions be taken to interfere or challenge the process...

> "when actual litigants whose rights are affected are before it, may the court determine the validity of the legislation."

The *McKee,* supra, court also held at 439:

> "...Nor may the courts interfere with the exercise of this right [to initiate legislation] by declaring unconstitutional or invalid a proposed measure before the process has run its course and the measure is actually adopted."

Starr is purposely ignoring this precedent and possibly in violation of his code of ethics, and certainly plain laws governing this issue.

4. Starr, alluding to Defendant's Oath of Office violations also as a "Federal"

---

[2] *Vasquez v. Hillery,* 474 U.S. 254 (1986); *Darr v. Burford, Warden, Oklahoma State Penitentiary,* 339 U.S. 200 (70 S.Ct. 587, 94 L.Ed. 761).

**MOTION TO DENY REMOVAL - Archuleta County Ballot Initiatives suit**   Page 3 of 7

question is clearly in error. ALL State officers take such an Oath of Office to defend and uphold the Colorado Constitution, Colorado laws, and People's rights in Colorado. Starr has no basis for this comment.

5. Defendant Starr, through the law firm "Rose, Walker & Starr" he is working for and being paid through, is representing the other parties also. A party in a lawsuit is clearly a witness([3]) in the case, and certainly Starr is a witness in this case, being the attorney for the County of Archuleta, and the original principal in stopping Plaintiff's ballot initiatives from progressing. The Professional Rules of Conduct prohibit an attorney to act as witness and counsel in the same matter.([4])

Generally the courts in this country have stated that it is improper for an attorney to appear in a trial both as a witness and as an advocate for his client.([5]) Judicial canon requires judges to enforce rules of professional conduct. U.S. Supreme Court decisions also state attorneys are not allowed to testify. (Cites omitted).

Starr is being paid to represent the other named parties, and himself, by the county taxpayers (including Plaintiffs) and which Plaintiffs object to on those grounds alone. Plaintiffs move for Rose, Walker & Starr law firm to be disqualified as defense because even if someone other than Starr, in Rose, Walker & Starr, defends in this case, Starr is still receiving remuneration while a Defendant, presumably being paid by the County taxpayers through Rose, Walker & Starr to defend this case, and this is still unethical and a conflict of interest.

Certainly Starr knew or should have known these ethic rules, but apparently does not care. Starr is presently under investigation (along with other named defendants in this instant case) by the Colorado Ethics Commission, and the Colorado Attorney General's office, for alleged unlawful participation in the very

---

[3] DR 5-101(A); -Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests." See also "[T]he role of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively. The lawyer-witness may be more easily impeached as a witness when he also serves as counsel to the party for whom he testifies. Because of this conflict... no attorney shall be permitted to take part in the conduct of a trial in which he has been or intends to be a witness for his client..." The Ethical Considerations of the Code of Professional Responsibility, **EC 5-9.**

[4] "DR 5-102(A); -If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue the representation in the trial..."

[5] *Hubbard v, Hubbard*, 233 So. 2d 150 (Fla. Di, t . Ct. App . 1970); *Ferraro v. Taylor*, 197 Minn. 5, 265 N. W. 829 (1936); *Garret t v. Garrett*, 86 N.J . Eq. 293, 98 A. 848 (1916) ; *Town of Mebane v. Iowa Mut. Ins. Co.*, 28 N .C. App. 27, 220 S .E .2d 623 (1975).

**MOTION TO DENY REMOVAL - Archuleta County Ballot Initiatives suit    Page 4 of 7**

county attorney position Starr is being paid for, yet in this case, he and other named Defendants herein have hired an independent law firm to represent them, unlike in this case, which also raises questions beyond ethics.

## CONCLUSION

Colorado Statutes and Constitutional protections have been violated by Defendants. These are State issues and local right issues regarding the right to initiatives by the People, and have not become Federal questions at this point in litigation.

If the Federal Colorado District Court believes this is a Federal issue and not a State issue, Plaintiff's request Findings of Fact and Conclusions of Law[6], and will proceed with the challenge to Jurisdiction and the failure of Defendants to follow proper civil procedures at this time of the process.

For these reasons, Plaintiffs object to the removal of this case to Federal Court and for the Court to remand this case back to the 6th Judicial District Court for proper adjudication, or until it is appealed and it then becomes a Federal original jurisdiction issue.

Plaintiffs also move to have Starr and Rose, Walker & Starr disqualified, and that an independent law firm be obtained by Defendants if they each choose to not defend themselves, which is their right.

Respectfully submitted,

The undersigned;

---

[6] "The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record." *Butz v. Economou* 438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895, (1978). *Federal Maritime Commission v. South Carolina State Ports Authority, et al.* certiorari to the united states court of appeals for the fourth circuit No. 01-46. 2.535 U.S. 743, 122 S. Ct. 1864, 152 L. Ed. 2d 962, (2002). Argued February 25, 2002–Decided May 28, 2002. See also FRCPA Rule 52(a) and *United States v. Lovasco* 431 U.S. 783 (06/09/77), 97 S. Ct. 2044, 52 L. Ed. 2d 752, and *Holt v. United States* 218 U.S. 245 (10/31/10), 54 L. Ed. 1021, 31 S. Ct.

**MOTION TO DENY REMOVAL - Archuleta County Ballot Initiatives suit** Page 5 of 7

Pat Alley
P.O. Box 5352
Pagosa Springs, CO 81147
970-946-3666

_____

Dave Brackhahn
3000 Hwy 84, Unit "C"
Pagosa Springs, CO 81147
970-749-4156

_____

Cole Graham
Ghost Elk Court
Pagosa Springs, Colorado 81147
970-582-0038

_____

Vernon D. Greenamyer
C/O 924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-946-9488

_____

1135 Bill Gottschalk
~~1135~~ Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-4145

_____

Sue Gottschalk
1135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-8805

_____

Stephen Keno
1020 Hurt dr.
Pagosa Springs, Colorado 81147
970-731-9729

_____

Wayne Bryant
P.O. Box 3362
Pagosa Springs, CO 81147

_____

Greg Giehl
P.O. Box 5434
Pagosa Springs, CO 81147

_____

Tom Kramer
10900 Highway 84
Pagosa Springs, Colorado 81147
970-403-6672

_____
*Tom Kramer* (signature)

Jeffrey Maehr
924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-731-9724

_____
*Jeffrey Maehr* (signature)

Sharon Parker
325 Petitts Cr.
Pagosa Springs, Colorado 81147
970-731-0007

_____
*Sharon Parker* (signature)

Tracy Salazar
299 Canyon Circle
Pagosa Springs, Colorado 81147
970-731-3323

_____
*Tracy Salazar* (signature)

Dennis Spencer
P.O. Box 2877
Pagosa Springs, Colorado 81147
970-264-0988

_____
*Dennis Spencer* (signature)

Dave West
55 Woodward Dr.,
Pagosa Springs, Colorado 81147
602-622-0494

_____
*Dave West* (signature)

**Exhibit - Jurisdiction Challenges**

Section 37 of the Judicial Code, 28 USCA 80, enacted on March 3, 1875, and which reads:

"If in any suit commenced in a district court, or removed from a State Court to a district court of the United States, it shall appear to the satisfaction of the said district court at any time after such suit has been brought or removed thereto, that such suit does really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require , and shall make such order as to costs as shall be just."

(*McNutt v. General Motors Acceptance Corp.* 1936, 298 U. S. 178, 189). Speaking for the court Mr. Chief Justice Hughes said:

"The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the stature vests in the court to enforce the limitation of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure."

"If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged and court may still insist that the jurisdictional facts be established or the case be dismissed and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."

As Mr. Justice Harlan said in a leading case on the subject (*Bors v. Preston*, 111 U. S. 252, 255),

"But when the inquiry involves the jurisdiction of a federal court, - the presumption in every stage of a cause being that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record."

**Exhibit - Jurisdiction Challenges - 16-cv-01284**

## CERTIFICATE OF SERVICE

I hereby certify that on June 13th, 2016, I served a copy of the Appellant/Petitioner's Opening Brief by United States Postal Mail to the below named Defendants, at the last known and available addresses listed.

 1. Commissioners Clifford Lucero, 398 Lewis Street, P.O. Box 1507, Pagosa Springs, CO 81147

 2. Commissioner Steve Wadley, 398 Lewis Street, P.O. Box 1507, Pagosa Springs, CO 81147

 3. Commissioner Michael Whiting, 398 Lewis Street, P.O. Box 1507, Pagosa Springs, CO 81147

 4. Todd Starr, 462 Lewis Street, P.O. Box 5917, Pagosa Springs, CO 81147

_6-13-16_
Date

_[signature]_
Signature