**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01284-RM-NYW

PAT ALLEY, DAVE BRACKHAHN, WAYNE BRYANT,
GREG GIEHL, COLE GRAHAM, VERNON GREENMAYER,
BILL GOTTSCHALK, SUE GOTTSCHALK, STEPHEN KENO,
TOM KRAMER, JEFFREY MAEHR, SHARON PARKER,
TRACY SALAZAR, DENNIS SPENCER, DAVID WEST, and
JOHN and JANE DOES, 1-600,

    Plaintiffs,

v.

ARCHULETA COUNTY BOARD OF COUNTY COMMISSIONER CLIFFORD LUCERO,
COMMISSIONER STEVE WADLEY, COMMISSIONER MICHAEL WHITING, and
PREVIOUS ARCHULETA COUNTY ATTORNEY TODD STARR,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs' "Motion to Deny Removal for Lack of Jurisdiction" ("Motion to Remand") [#10, filed June 17, 2016]. The Motion to Remand was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated June 21, 2016 [#12], and the memorandum of that same date [#13]. Having reviewed the Motion to Remand, the entire court file, and the applicable case law, this court respectfully RECOMMENDS that the Motion be GRANTED.

## BACKGROUND

Plaintiffs, who are proceeding *pro se*, commenced this action in the District Court of Archuleta County, Colorado on May 4, 2016. *See* [#5 at 4][1] Defendants removed the action to federal court on May 27, 2016, asserting original jurisdiction pursuant to 28 U.S.C. §1331. [#5 at 1-2]. Specifically, Defendants state that Plaintiffs' *pro se* Complaint "includes multiple references to the United States Constitution, specific references to the 10th Amendment to the United States Constitution, a specific allegation that the Defendants are in violation of 18 USC § 2381,[2] [and] an allegation that '…all Colorado's national's rights are being denied.'" [*Id.*] Additionally, Defendants cite to the following excerpt from the Complaint:

> People who are violating their oath of office, the U.S. Constitution, the Colorado Constitution and Colorado Statutes are certainly "warring" against the Constitution and the People themselves. In another time in history, such people were imprisoned, or hung, because it was rightly considered THAT serious to liberty, freedom and secu1ity [sic] of the united several States.

[*Id.* at 2]. Finally, Defendants assert federal question jurisdiction on the basis that Plaintiffs seek to include on the ballot federal issues such as nullification of the Affordable Care Act, preservation of gun rights in Archuleta County, and issues involving the National Defense Authorization Act. [#5 at 1-2, 30].[3] After removal, Defendants filed an Answer on June 15,

---

[1] Plaintiffs' Complaint is not separately filed on the docket. It appears from Defendant's Notice of Removal that the Complaint is styled as a "Motion to Show Cause." [#5 at 10-30].

[2] This statute defines treason and the penalty for such conduct.

[3] Defendants cite "Exhibit A-1 to the Motion to Show Cause" for Plaintiffs' requests for ballot initiatives, but this Exhibit is not attached to Defendants' Notice of Removal, or otherwise available on the court's docket.

2

2016. [#8]. Plaintiffs filed this instant Motion to Remand two days later. [#10]. Defendants have not filed a response, and the time to do so has expired.[4]

## ANALYSIS

**I.       Applicable Law**

This court has an independent obligation to determine whether subject matter jurisdiction exists, even absent a challenge by a party. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006); *1mage Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The defendant bears the burden to prove the existence of a federal question and must establish that subject matter jurisdiction by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001)).

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Removal statutes are construed narrowly and doubts regarding the propriety of removal are resolved against such action. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). *See also City of Neodesha, Kansas v. BP Corporation North America, Inc.*, 355 F. Supp. 2d 1182, 1185 (D. Kan. 2007) (citations omitted). This court must decline to exercise jurisdiction on removal where its source of

---

[4] This court notes that Plaintiffs failed to include a certificate of conferral in the Motion to Remand, contrary to D.C.COLO.LCivR 7.1(a). They are warned that, should the matter proceed in this District, any future failure to follow the Local Rules of the District, the Federal Rules of Civil Procedure, or the Practice Standards of this Magistrate Judge or the presiding judge, the Honorable Raymond Moore, may result in the court striking or denying the filing *sua sponte*.

jurisdiction is not affirmatively apparent on the record. *Baker v. PDC Energy, Inc.*, No. 14–cv–02537–RM–MJW, 2014 WL 7445626, at *2 (D. Colo. Dec. 30, 2014) (citing *Laughlin v. Kmart Corp*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289–90 (citation omitted) *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens,* --- U.S. ----, 135 S.Ct. 547 (2014). Furthermore, remand is required "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## II.     Application of the Law

In considering whether federal subject matter exists, this court first looks to the Complaint. With all due respect to the *pro se* Plaintiffs, the Complaint is not a model of clarity. Plaintiffs appear to assert generalized grievances relating to ballot initiatives in Archuleta County, asking that Defendants "answer for [their] failure to support or comply with lawful, Colorado constitutional and statutory laws supporting actions by the citizens of Archuleta County to bring ballot initiatives." [#5 at 10]. Plaintiffs further assert that Defendants have deprived them of their "rights under the Colorado Constitution and Colorado Statutes." [*Id.*] Plaintiffs further specify that they bring this lawsuit "under the Colorado Constitutional rights of actions, and under District Court jurisdiction…" [*Id.*]  Essentially, Plaintiffs claim to hold certain rights under *Colorado law*, and that Defendants have curtailed those rights.

With respect to Defendants' citations, Plaintiffs refer to the Tenth Amendment and the United States Constitution so as to emphasize which rights they claim are reserved to them as United States citizens, not as the laws giving rise to their grievances.  *See* [#5 at 22].

4

Additionally, Plaintiffs do not allege that *Defendants* are violating the United States Constitution, rather they appear to assert that people who violate oaths of office and the United States Constitution are "'warring' against…the People themselves." *See* [*id.* at 26]. Plaintiffs' prayer for relief, styled "Request for Remedy," seeks in relevant part permission to place unspecified initiatives on a special ballot, a brochure summarizing those initiatives, and compensatory and punitive damages. *See* [*id.* at 27]. Finally, even if their Complaint did not establish that their claims arise under Colorado law, Plaintiffs declare in their Motion to Remand that the issues are "clearly 'State' questions and are not based on the U.S. Constitution OR the 10th Amendment to the U.S. Constitution." [#10 at 2]. "[E]xcept in most unusual circumstances the choice of a Colorado forum by a resident plaintiff will not be disturbed." *McDonnell-Douglas Corp. v. Lohn*, 192 Colo. 200, 201 (1976) (limiting the doctrine of *forum non conveniens* based on the interest of a state in providing a dispute resolution forum for its own residents). Defendants have not responded to the Motion to Remand or offered any further support for their assertion of federal question subject matter jurisdiction.

Accordingly, this court respectfully **RECOMMENDS** that:

(1) Plaintiffs' Motion to Deny Removal for Lack of Jurisdiction [#10] be **GRANTED**; and

(2) This action be **REMANDED** to the District Court for Archuleta County, Colorado.[5]

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

DATED: July 19, 2016                      BY THE COURT:


                                                   s/Nina Y. Wang_____
                                                 United States Magistrate Judge

---

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).