IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| -Dave Brackhahn; | ) |
| -Wayne Bryant; | ) |
| -Greg Giehl; | ) |
| -Cole Graham; | ) |
| -Dean Greenamyer; | ) |
| -Bill Gottschalk; | ) |
| -Sue Gottschalk; | ) |
| -Stephen Keno; | ) |
| -Tom Kramer; | ) |
| -Jeffrey Maehr; | ) |
| -Sharon Parker; | ) |
| -Dennis Spencer; | ) |
| -John and Jane Does, 1-600, representing most signatories on ballot initiatives; | ) ) ) |
| Plaintiffs | ) |
| v. | ) |
| Archuleta County Board of County Commissioner Clifford Lucero, | ) ) |
| Commissioner Steve Wadley, | ) |
| Commissioner Michael Whiting; | ) |
| County Attorney Todd Starr; | ) ) |
| Defendants | ) |

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 14 2018

JEFFREY P. COLWELL
CLERK

▲ COURT USE ONLY ▲

Case No. RE: 16-cv-4, & 2017-CA-2206

**MOTION FOR SUMMONS OF GRAND JURY
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs come before this court with this Motion to Summons a Grand Jury investigation of civil right violations and other crimes committed in Archuleta County, Colorado against the people of Archuleta County which now affects most county citizens in Colorado.

Plaintiffs move the court for one or more independent Citizen's Grand Juries (hereafter GJ)

**MOTION FOR SUMMONS OF GRAND JURY**                                    Page 1 of 15

under *UNITED STATES v. John H. WILLIAMS, Jr.*, FRCP Rule 6([1]) and 42 U.S.C. 1897 (See footnote #9), to investigate obstruction of justice([2]), all the evidence thus far suppressed by conspiracy, collusion, treason([3]) and fraud on the court([4]) by factions within the Archuleta County government, and by the local Pagosa Springs Sun newspaper, regarding the right to petition as provided by the Colorado Constitution and State Statutes, which is consistently being denied in Colorado.

Due to inattention by the American people, and the courts, many have lost touch with the constitution and rule of law... something grade school children in America's earlier years were well versed in, and they have set it all aside in what appears to be a deliberate evasion of law, due process([5]) and constitutional restraints as originally intended.

---

[1] Federal Rules of Criminal Procedure, Rule 6 - Grand Jury. (1) In General. When the public interest so requires, the court must order that one or more grand juries be summoned.

[2] 18 U.S. Code Chapter 73 - Obstruction of Justice - Obstruction of justice in the federal courts is governed by a series of criminal statutes (18 U.S.C.A. §§ 1501–1517). Two types of cases arise under the Omnibus Clause involving Obstruction of Justice: The concealment, alteration, or destruction of documents; and the encouraging or rendering of false testimony. Actual obstruction is not needed as an element of proof to sustain a conviction. The Defendant's endeavor to obstruct justice is sufficient. "Endeavor" has been defined by the courts as an effort to accomplish the purpose the statute was enacted to prevent. **The courts have consistently held that "endeavor" constitutes a lesser threshold of purposeful activity than a criminal "attempt."** Federal obstruction of justice statutes have been used to prosecute government officials who have **sought to prevent the disclosure of damaging information**. (Emphasis added).

[3] 18 U.S. Code § 2382 - Misprision of treason - Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both.

[4] "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

[5] *Fuentes v. Shevin, Attorney General of Florida, et al*, No. 70-5039, (1972), and *Ray Lien Construction, Inc. v. Jack M. Wainwrite*, 346 So. 2d 1029 (Fla. 1977) condemn involuntary administrative wage and bank account garnishments without a judgment from a court of competent jurisdiction. There are essentials to any case or controversy, whether administrative or judicial, arising under the Constitution and laws of the United States (Article III § 2, U.S. Constitution, "arising under"

## Background Evidence

The named plaintiffs above who are residents of Archuleta County have been deprived of voting rights guaranteed by the Colorado Constitutional and State Statutes by a continuous and ongoing suppression of initiative petitions, and subsequently, all people of Colorado residing at the county level, that began on or about May 28, 2013, and continues to this very day.  By the preponderance of the evidence filed on May 5, 2016, and May 12, 2017 and presented for the Court Record on October 2, 2017...

    1. Plaintiff's actions have been guided by Subsections 9 & 10 of Section 1 of Article V of the state constitution, Colorado Revised Statutes 1-40-101(1), 1-40-103(2) & (3), 31-11-101, and 30-11-103.5.

    2. Defendant's Todd Starr, Clifford Lucero, Michael Whiting, and Steve Wadley willfully suppressed the plaintiff's($^6$) petitions, and violated C.R.S. 1-40-130(1)(f), (g), (h), & C.R.S. 1-13-111, C.R.S. 1-13-114, C.R.S. 31-11-115(1)(a),(b),(d)&(e). Both #1 and #2 raised evidence have never been adjudicated despite repeated filings.

---

clause). See *Federal Maritime Commission v. South Carolina Ports Authority*, 535 U.S. (2002), decided March 28, 2002, and decisions cited therein.  The following elements are indispensable:

    **1.** When challenged, standing, venue and all elements of subject matter jurisdiction, including compliance with substantive and **procedural due process requirements**, must be established in record; **2.** Facts of the case must be established in record; **3.** Unless stipulated by agreement, facts must be verified by competent witnesses via testimony (affidavit, deposition or direct oral examination); **4.** The law of the case must affirmatively appear in record, which in the instance of a tax controversy necessarily includes taxing and liability statutes with attending regulations (See *United States of America v. Menk*, 260 F. Supp. 784 at 787 and *United States of America v. Community TV, Inc.*, 327 F.2d 79 (10th Cir., 1964)); **5.** The advocate of a position must prove application of law to stipulated or otherwise provable facts; and, **6.** The trial court or decision-maker, whether administrative or judicial, **must render a written decision that includes findings of fact and conclusions of law**. The exception to this requirement is the decision of juries in common law courts. (Emphasis added).

"Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard by testimony or otherwise, and to have **the right of controverting, by proof every material fact which bears on the question of right in the matter involved**. If any question of fact or liability be conclusively presumed against him, this is not due process of law and in fact is a VIOLATION of due process." [Black's Law Dictionary, Sixth Edition.] (Emphasis added).

    [6] Over 600 other county citizens signed one or more of the 11 original petitions being suppressed.  This suppression of election laws is potentially being uniformly applied to most counties in Colorado.

**MOTION FOR SUMMONS OF GRAND JURY**          Page 3 of 15

3. Felony fraud upon the Court was committed by defendants filing a false "Affidavit in Support of Summary Judgement" on December 28, 2016.

4. On June 20, 2017, plaintiffs filed Notice of Fraud criminal complaint on the District Court for Archuleta County and copied to Archuleta County Sheriff. This investigation by the AG's office had not been completed at the time of filing the appeal. (Plaintiffs just received word via phone on December 26th, 2017 that the AG's office will not follow-up with any investigation, and referred plaintiffs to the Colorado Secretary of State (SOS)).

5. On June 23, 2017, Plaintiffs filed a Motion for Rule 60 Relief for Fraud.

6. On July 10, 2017, plaintiffs appeared in court prepared to present evidence of Fraud upon the Court but the hearing was postponed until October 2, 2017.

7. On August 22nd, 2017 Judge Wilson granted motion for evidentiary hearing.

8. On September 26, 2017, Judge Wilson denied Motion for Rule 60 Relief without a hearing.

9. On October 2, 2017, plaintiffs presented all evidence which was filed on may 12, 2017, which went undisputed by dependants.

10. October 17th, 2016, Judge Wilson ruled against plaintiffs and awarded attorney fees in violation of CRS 13-17-102 to not authorize attorney fees against Plaintiffs due to a clear insufficiency of evidence, and despite clear evidence of record against such an order.
11. Plaintiffs filed a motion for reconsideration of attorney fees & motion questioning sufficiency of the evidence on October 30, 2017, in response to the court granting said fees. This was not responded to by the defendants, and Judge Wilson did not respond within a reasonable time window which plaintiffs had for filing a timely Notice of Appeal.

12. Plaintiffs filed said Notice of Appeal, which was received by the Appeals Court on Monday, December 4th, 2017 which was one day prior to the deadline for filing said Notice of Appeal.

13. Judge Wilson filed Order regarding the Motion for Reconsideration and Motion Questioning Sufficiency of Evidence on December 5th, 2017, which was the dead line for Appellants to file Notice of Appeal. Judge Wilson failed to make a final ruling in a timely manner for plaintiffs in an attempt to deny plaintiffs due process of law.

14. The local District Court's Register of Action has an entry on 11-1-17 titled "attorney response to the motion questioning the sufficiency of evidence supporting the order." No

such response was ever filed in this case. Below this entry, there is an entry stating "attorney response to motion for reconsideration and rehearing and lawful adjudication of all evidence presented at Oct. 2, 2017 evidentiary hearing." No such response has been filed in this case, therefore defendants are in default and Judge Wilson should have ruled in plaintiff's favor denying attorney fees.

15. As of this date, no hearing on the fraudulent documents filed December 28, 2016, or the violations of election laws has occurred. Due process of law has been violated, and no findings and conclusions($^7$) were entered into the record of the court. The court records support the allegations of violation of due process of law, obstruction of justice, collusion, and other criminal activities within elements of the Archuleta County government and court, and supports this Motion for a GJ investigation for the benefit of the millions of Colorado county citizens similarly situated.

16. Plaintiffs contend that under standing Supreme Court precedent, and based on 18 U.S.C. §4($^8$), 18 U.S. Code § 3331, 42 U.S.C. §§241, 242, 245, 1983 & 1987($^9$), the

---

$^7$ FRCPA Rule 52. Findings and Conclusions by the Court; (a) Findings and Conclusions. (1) In General. In an action tried on the facts without a jury or with an advisory jury, **the court must find the facts specially and state its conclusions of law** separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58. "The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record." Citing *Butz v. Economou* 438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895, (1978).

$^8$ 18 U.S.C. § 4 - Misprision of felony: Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

$^9$ 18 U.S. Code § 241 - Conspiracy against rights - If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. (June 25, 1948, ch. 645, 62 Stat. 696; Pub. L.

90–284, title I, §?103(a), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, §?7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, §§60006(a), title XXXII, §§320103(a), 320201(a), title XXXIII, §§330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104–294, title VI, §§?604(b)(14)(A), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)

42 U.S.C. § 242. Deprivation of rights under color of law: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 USC §245 Whoever, whether or not acting under color of law, intimidates or interferes with...[1] any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from — [B] participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [E] participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; shall be fined under this title, or imprisoned not more than one year, or both.

42 U.S.C. § 1983. Civil action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. §1987 Prosecution of violation of certain laws - The United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts, with power to arrest, imprison, or bail offenders, and every other officer who is especially empowered by the President, are authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of section 1990 of this title or of sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes, and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense. (R.S. §§1982; Mar. 3, 1911, ch. 231, §§291, 36 Stat. 1167; June 25, 1948, ch. 646, §§1, 62 Stat. 909; Pub. L. 90–578, title IV,

Colorado Constitution and Colorado statutes already named, an independent motion for a GJ or special GJ([10]) can be made where clear evidence is available and presented to any judge of an ongoing criminal enterprise affecting millions of Colorado citizens and to investigate our public servants and hold them accountable, and bring our county governments back within the confines of the rule of law, the Constitution and their hired duties. Society's right to seek redress for criminal conduct stands firm in the Constitution.

17. Plaintiffs have discovered that Judge Wilson, on his Summary Judgment against plaintiffs, dated March 14, 2017, created a non-existent defendant, titled "Defendant Archuleta CO Board of County Commission, et al.," and continued naming this fictitious entity on all ORDERS in this case. Plaintiffs never named said entity in their Motion to Show Cause complaint.

October 17th, 2017, Judge Wilson ordered payment of attorney fees to a second non-existent defendant, "Archuleta County." Plaintiffs never named Archuleta County in their Motion to Show Cause.

Defendants were sued in their private capacity, and lost their civil immunity the moment they violated multiple Colorado Revised Statutes. Judge Wilson has created two fictitious entities that were never party to this suit, and continued naming said parties in all his ORDERS subsequent to March 14th, 2017.

18. Plaintiffs filed a "Motion for Reconsideration and rehearing, and Lawful Adjudication of all Evidence Presented at October 2, 2017 Evidentiary Hearing, and "Motion Questioning the Sufficiency of the Evidence Supporting the Order," on October 30, 2017.

Judge Wilson failed to respond to these motions, creating a time issue for plaintiffs to file their Notice of Appeal. Said appeal was sent to the court on December 1, 2017, and received on December 4, 2017. The day after the court filed the Notice, Judge Wilson filed his ORDER claiming lack of jurisdiction over the motions due to the Notice of Appeal being filed one day

---

§§402(b)(2), Oct. 17, 1968, 82 Stat. 1118; Pub. L. 101–650, title III, §§321, Dec. 1, 1990, 104 Stat. 5117.)

[10] 18 U.S.C. § 3331(a), the U.S. District Court in every judicial district having more than four million inhabitants must impanel a special grand jury when requested by a designated official of the Justice Department.

**MOTION FOR SUMMONS OF GRAND JURY**　　　　　　　　　　　　　　　　Page 7 of 15

prior to our deadline, which was in violation of the CRCP.

19. Plaintiffs wish to point out their ongoing objection to defendant Starr being attorney for this case due to conflict of interest and ethics violations, as well as violation of Article X, Section 13 which states it is a felony to make a profit from public funds by a public officer.

20. See Exhibits C, D and E filed as evidence exhibits on May 12th, 2017 in Archuleta County District case 16-cv-4, for election law and civil right violations, including collusion, due process violations, obstruction of justice, malfeasance, misfeasance and nonfeasance, and more.

## MEMORANDUM OF LAW IN SUPPORT OF FREE ACCESS TO THE GRAND JURY BY THE PEOPLE

In *UNITED STATES v. John H. WILLIAMS, Jr.*, 504 U.S. 36 (112 S.Ct. 1735, 118 L.Ed.2d 352, 1992), the U.S. Supreme Court stated regarding the GJ:

"Rooted in long centuries of Anglo-American history," *(Hannah v. Larche*, 363 U.S. 420, 490, 80 S.Ct. 1502, 1544, 4 L.Ed.2d 1307 (1960) (Frankfurter, J., concurring in result). The GJ is mentioned in the Bill of Rights, but not in the body of the Constitution. It has not been textually assigned, therefore, to any of the branches described in the first three Articles. It...

> "**is a constitutional fixture in its own right.**" *United States v. Chanen*, 549 F.2d 1306, 1312 (CA9 1977) (quoting *Nixon v. Sirica*, 159 U.S.App.D.C. 58, 70, n. 54, 487 F.2d 700, 712, n. 54 (1973)), cert. denied, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). In fact the whole theory of its function is that it **belongs to no branch of the institutional government**, serving as a kind of **buffer or referee between the Government and the people**. See *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *Hale v. Henkel*, 201 U.S. 43, 61, 26 S.Ct. 370, 373, 50 L.Ed. 652 (1906); G. Edwards, The Grand Jury 28-32 (1906)." (Emphasis added throughout).

Continuing *Williams,* supra, case cite...
> "Although the grand jury normally operates, of course, in the courthouse and under judicial auspices, **its institutional relationship with the judicial branch has traditionally been, so to speak, at arm's length**. Judges' direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administering their oaths of office." See *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974); Fed.Rule Crim.Proc. 6(a)."

> "**The grand jury's functional independence from the judicial branch is evident both in the scope of its power to investigate criminal wrongdoing, and in the manner in which that power is exercised**. Unlike a court, whose jurisdiction is predicated upon a specific case or controversy, **the grand jury 'can investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not**.' *United States v. R. Enterprises*, 498 U.S. 111 S.Ct. 722, 726, 112 L.Ed.2d 795 (1991) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950))."

> "It need not identify the offender it suspects, or even "the precise nature of the offense" it is investigating. *Blair v. United States*, 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919). **The grand jury requires no authorization from its constituting court to initiate an investigation**, See *Hale*, supra, 201 U.S., at 59-60, 65, 26 S.Ct., at 373, 375, **nor does the prosecutor require leave of court to seek a grand jury indictment**. And **in its day-to-day functioning, the grand jury generally operates without the interference of a presiding judge**. See *Calandra*, supra, 414 U.S., at 343, 94 S.Ct., at 617. It swears in its own witnesses, Fed.Rule Crim.Proc. 6©, and **deliberates in total secrecy**, See *United States v. Sells Engineering, Inc.*, 463 U.S., at 424-425, 103 S.Ct., at 3138."

Continuing *Williams* supra, case cite...

> "Even in this setting, however, we have insisted that the grand jury remain 'free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it.' *United States v. Dionisio*, 410 U.S. 1, 17-18, 93 S.Ct. 764, 773, 35 L.Ed.2d 67 (1973). Recognizing this tradition of independence, we have said that **the Fifth Amendment's "constitutional guarantee presupposes an investigative body 'acting independently of either prosecuting attorney or judge**'. . . . Id., at 16, 93 S.Ct., at 773 (emphasis added) (quoting *Stirone*, supra, 361 U.S., at 218, 80 S.Ct., at 273)."

> "Because the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such 'supervisory' judicial authority exists..."

While Williams clearly shows that the three branches of government cannot control the GJ's ability to "freely" act, it brings up this statement that the GJ is subject to some degree the "courts."

Continuing *Williams* supra, case cite...

> "Although the grand jury has not been 'textually assigned' to 'any of the branches described in the first three Articles' of the Constitution, ante, at 47, it is not an autonomous body completely beyond the reach of the other branches. Throughout its life, from the moment it is convened until it is discharged, the grand jury is subject to the control of the court. As Judge Learned Hand recognized over sixty years ago, 'a grand jury is neither an officer nor an agent of the United States, but **a part of the court.**' *Falter v. United States*, 23 F.2d 420, 425 (CA2), cert. denied, 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928). This Court has similarly characterized the grand jury:
>
> "A grand jury is clothed with great independence in many areas, but it remains an appendage of the court, powerless to perform its investigative function without the court's aid, **because** powerless itself to compel the testimony of witnesses. It is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so." *Brown v. United States*, 359 U.S. 41, 49, 79 S.Ct. 539, 546, 3 L.Ed.2d 609 (1959)." (Emphasis added).

This in no way suggests the court has "control over" the GJ in convening or in preventing access to the GJ by the public, apart from the three branches, but merely has authority in "compelling" witnesses to give testimony before the GJ where needed.

> "Past attempts to expand the court's supervisory role over the grand jury have been repeatedly rejected by the Supreme Court as counter to the grand jury's independent role. *See e.g., U.S. v. Williams*, 504 U.S. 36 (1992).
>
> "This Court has, of course, long recognized that the grand jury has wide latitude to investigate violations of federal law as it deems appropriate and **need not obtain permission from either the court or the prosecutor**. See, e.g., id., at 343, 94 S.Ct., at 617; *Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956); *Hale v. Henkel*, 201 U.S. 43, 65, 26 S.Ct. 370, 375, 50 L.Ed. 652 (1906). Correspondingly, we have acknowledged that 'its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials.' *Calandra*, 414 U.S., at 343, 94 S.Ct., at 617." (Emphasis added)

Due process of law has been thwarted and such due process depravation renders any past judgments on the above issues void([11]) on their face. A judgment is void and should be vacated

---

[11] "A judgment is void if the court that rendered it . . . acted in a manner inconsistent with due process." *Margoles v. Johns*, 660 F.2d 291 (7th Cir. 1981) cert. denied, 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982); In re Four Seasons Securities Laws Litigation, 502 F.2d 834 (10th Cir.1974), cert. denied, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1975). Mere error does not render the judgment

pursuant to Rule 60(b)(4) if the court that rendered the judgment "acted in a manner inconsistent with due process of law."([12])  Due process of law... i.e.  proper adjudication of all the evidence provided by plaintiffs to rebut defendant's claims was never accomplished in any of the past court hearings.

The powers for citizen grand juries have been affirmed by several other Supreme Court decisions. Justice Powell, in *United States v. Calandra*, 414 U.S. 338, 343 (1974), stated:

> "The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination of whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions. *Branzburg v. Hayes*, 408 U.S. 665, 686-687 (1972)."

> "Today's grand jury continues to implement the fundamental governmental role of securing the safety of the person and property of the citizen." *Branzburg* v. *Hayes*, 408 U.S. 665, 700 (1972).

The scope and ramifications of such an inquiry is evident, but has no bearing as to whether a GJ should be convened or not. *Calandra,* supra, goes on to quote:

> "It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." *Blair v. United States,* 250 U. S. 273, 250 U. S. 282 (1919).

Of course, such an investigation should be thorough and without bias or prejudicial interference.

> "The grand jury's investigative power must be broad if its public responsibility is adequately to be discharged." *Branzburg v. Hayes, supra,* at 408 U. S. 700; *Costello v. United States,* 350 U. S. 364.

*Calandra* continues:

---

void **unless the error is of constitutional dimension**. Simer v. Rios, 661 F.2d 655 (7th Cir.1981), cert. denied, sub nom Simer v. United States, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982)." Klugh v. United States, 620 F.Supp. 892 (1985). (Emphasis added)

[12] See *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011) (citing *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 n.2 (7th Cir. 1983); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) (citations omitted). *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002)).

"A grand jury investigation "is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." *United States v. Stone,* 429 F.2d 138, 140 (CA2 1970).

"Such an investigation may be triggered by tips, rumors, evidence proffered by the prosecutor, or the personal knowledge of the grand jurors." *Costello v. United States,* 350 U.S. at 350 U. S. 362.

## CONCLUSION

The very cases and evidence presented above is prima facie evidence that there must be some mechanism through which the People have direct access to the GJ to provide evidence of servant government agency's criminal activities to hold them accountable without interference from any of the three branches of government.

It is plain under original intent that the People are the "first branch" of government, the three federal branches follow, and then the GJ is the "5th branch" of government processes existing independently to provide oversight of public servant government actions.

Plaintiffs have ample evidence which will prove criminal activities, and move the court to summons a GJ. Plaintiffs believe truth will be made plain as to whether defendants and others so named stand on the constitution, rule of law and original intent, or not.

When someone or some group is proven wrong with evidence in fact, and admit witting or unwitting guilt, it is a good thing for America and those involved. The corrections are made, everyone moves forward and it is left in the past.

However, when the same person or group consistently avoids admission, avoids evidence, obfuscates the truth, covers-up, distorts and misapplies laws to continue their warring[13]

---

[13] "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it." *U.S. Supreme Court Cooper V. Aaron,* (1958). What is the penalty for this "warring?" 18 USC § 2381 - Treason; "Whoever, owing allegiance to the United States, levies war against "them" (the 50 united states) or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States."

against the Constitution and sovereign People of America, that is unacceptable for a free and sovereign people, and is a certain insurrectional national security threat to our rule of law, our constitution and the American People and must be remedied. If the government actors can answer, let them be held to it, regardless of the ramifications...

"Let Justice be Done, though the Heavens may Fall". "Fiat justitia ruat caelum".
"Maxim of Law", as quoted from Black's & Bouvier's Law Dictionaries.

WHEREFORE, based on the preponderance of the evidence, and above case precedent regarding grand jury authority, plaintiff's pray the district attorney, and the Attorney General's office, and any and all pertinent authorities, direct that one or more grand juries be summonsed to investigate plaintiffs criminal complaints as soon as possible. These criminal acts against the People of Archuleta County has been ongoing since November, 2014.

Respectfully Submitted,

The undersigned

Wayne Bryant
P.O. Box 3362
Pagosa Springs, Colorado 81147
970-731-1367

_/s/ WB_

Dave Brackhahn
3000 Hwy 84, Unit "C"
Pagosa Springs, Colorado 81147
970-749-4156

_/s/ Dave Brackhahn_

Greg Giehl
P.O. Box 5434
Pagosa Springs, Colorado 81147
970-264-0055

_/s/ Greg Giehl_

Cole Graham
Ghost Elk Court
Pagosa Springs, Colorado 81147
970-582-0038

_/s/ Cole Grh_

Vernon D. Greenamyer
C/O 924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-946-9488

_/s/ Vernon D. G._

Bill Gottschalk
1135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-4145

_/s/ Bill Gottschalk_

Sue Gottschalk
1135 Park Ave., Unit 804,
Pagosa Springs, Colorado 81147
970-903-8805

_/s/ Sue Gottschalk_

Stephen Keno
1020 Hurt dr.
Pagosa Springs, Colorado 81147
970-731-9729

_/s/ Stephen Keno_

Tom Kramer
~~10900 Highway 84~~ 924 E. Stollstiemer Rd.
Pagosa Springs, Colorado 81147
970-403-6672

_/s/ Tom Kramer_

Jeffrey Maehr
924 E. Stollsteimer Rd.,
Pagosa Springs, Colorado 81147
970-731-9724

_/s/ Jeffrey T. Maehr_

Sharon Parker
325 Petitts Cr.
Pagosa Springs, Colorado 81147
970-731-0007

_/s/ Sharon P._

Dennis Spencer
P.O. Box 2877
Pagosa Springs, Colorado 81147
970-264-0988

_/s/ Dennis Spencer_

## CERTIFICATE OF SERVICE

I, Greg Giehl, certify that I have mailed a true and complete copy of this Motion for Summons of Grand Jury to the above named courts, and the party below as counsel for defendants, to the following physical addresses on __MARCH__  __12__, 2018:

U.S. District Court
District of Colorado
901 19th St., Room A105
Denver, Colorado 80294-3589

U.S. Department of Justice
1801 California St.,
Suite 1500
Denver, CO 80202

President Trump
The White House
1600 Penn. Ave., N.W.
Washington, DC

_____
Greg Giehl

80294-250099

Denver Co 80294-3589
901 19th St, Room A105
District of Colorado
U.S. District Court



7017 3040 0001 1413 2251

CERTIFIED MAIL



$4.37
PAID
PAOSA SPRINGS, CO
81147
MAR 12 18
R2304N117773-04

80294

1000

PM 8 L
12 MAR '18
CO 802
DENVER

G. Giehl
PO Box 5434
P.S. Co
81147